THURBER v. COMMERCIAL TRAVELERS' MUT. ACC. ASS'N OF AMERICA.

(Supreme Court, Appellate Division, Second Department.    July 23, 1898.)

LIFE INSURANCE—CAUSE OF DEATH—EVIDENCE.

While, in an action upon an accident policy, the testimony of medical experts as to the cause of death, as derived from the result of an autopsy, is entitled to great respect, a mere hypothesis that the death, which occurred a month subsequent to a given accident, was indirectly caused thereby, through shock, is insufficient to carry the case to the jury, where it does not appear that the deceased ever complained of shock, or of the injury for some time prior to death, and other medical testimony is contradictory.

Appeal from trial term, Westchester county.

Action by Estella A. Thurber against the Commercial Travelers' Mutual Accident Association of America.    From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

M. W. Van Auken, for appellant.
H. E. Lee, for respondent.

CULLEN, J. This action is brought to recover on a policy insuring the plaintiff's husband against death or disability by accident, in the sum of $5,000. The evidence showed that on October 30, 1896, the deceased, then living in the city of New York, while about retiring to bed, fell and inflicted an injury on one of his testicles. From this injury he was confined for some weeks to his room, and a part of the time to his bed, though it appears that on November 2d he went down town to his business, and on November 3d, election day, he went out to vote. The deceased, having made a claim against the defendant for his injury, was visited on November 7th by Dr. Lyon, the physician of the company, who found him in his room, out of bed. The deceased showed the physician the injury, which did not seem to be of a very serious character, and his claim against the company was adjusted at the compensation allowed for a week's disability. On November 29th the deceased went to Cleveland, Ohio, on business. The cashier of the hotel in Cleveland, where the deceased became a guest, knew him intimately. He testifies that on the 30th the deceased complained of an attack of bronchitis, and witness observed that his throat was very much swollen. The deceased took to his bed, and was attended by a physician, and had the services of a trained nurse. He died on December 3d. While ill, the deceased telegraphed to a member of his family in New York that he was laid up with a bad cold. The attendant physician testifies that the insured was suffering from pneumonia and bronchitis, and that he died from heart failure, caused by those diseases. The nurse testified to the same effect. No complaint as to the injury to his testicle, or as to suffering any pain therefrom, was made by the deceased to the physician, to the nurse, or to his friend, the clerk of the hotel. The body of the deceased was taken from Cleveland to Auburn, in this state, where the funeral was held. There an autopsy was made by a physician then 2½ years past graduation. Some months later, at the instance of the defendant, another autopsy was had, at which were present the defendant's physician, the physician who made the first autopsy, and Dr. Van Giesen, of New York, all of whom testified on the trial. It seems to be conceded by all the physicians (both those who were present at the post mortem examinations, and the physician who attended the insured in Cleveland) that in case of pneumonia there must be some consolidation of the lungs. All the experts attending the autopsy agree that no consolidation of the lung was found. They did discover a passive congestion of the lungs, some dilatation and also some fatty degeneration of the heart. As to the extent of this degeneration, and as to whether it involved other organs than the heart, there was some disagreement between the experts. The physician who attended the deceased in New York at the time of the injury to his testicle was not called as a witness. The

only testimony to connect the injury to the testicle with the death of the insured was that of the physician who made the first post mortem. He does not trace the connection directly through any inflammation proceeding from the injured part to the vital organs, and thus causing death, nor to the presence of septic fever, or any disease of that character. Practically, he testifies that the cause of death was a weak heart and shock, and that the shock was occasioned by the injury to the testicle. The physician of the defendant testifies that it would be impossible that the injury could have caused the death. The evidence of Dr. Van Giesen, an expert of high standing, is to the effect that there was no consolidation of the lung, and that the fatty condition of the heart and other organs was not abnormal, considering the age and habits of the deceased, and that this condition alone was not sufficient to have caused death. But we find nothing in his testimony that connects the death of the insured with the physical injury.

Of course, in questions of the character involved in this case, laymen must bow with much deference to the opinions and judgments of experts. At the same time, not every hypothesis or theory which the speculations of any physician may suggest is sufficient evidence to carry a case to the jury. The testimony of the witness who made the first autopsy for the plaintiff is that the causal connection between the injury and the death was through the condition of shock which he assumes the injury must have occasioned. But there is no evidence that the deceased, at any time after the accident, was in a serious state of shock. The physician who attended him at the time of the accident is not called, and the physician who attended him in his fatal illness testifies to nothing of the sort. After meeting with the accident, the deceased apparently recovers, and is able to attend to his business, proceeds on quite a journey, and, when taken ill, makes no complaint of his previous injury. In the face of these facts, and without any evidence to show that the deceased was suffering under a condition of shock, it seems to us sheer speculation to connect the death with the injury to the testicle. As we read the evidence of this physician, he seems to have but little more foundation for his hypothesis that the physical injury caused the death than his failure to find anything else that did cause it. This hardly reaches the certainty of proof which is a requisite to impose liability on the defendant. Of course, it is possible that the hypothesis that the witness has adopted is the true one, but suffice it to say it has not been sufficiently verified by the attendant facts to justify its acceptance as proved. On the evidence as the case stood at its close, the trial court should have dismissed the complaint.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.